MARY FORTUNE, Plaintiff in Error, *v.* MISSOURI RAILROAD COMPANY, Defendant in Error.

April 19, 1881.

1. In the absence of contributory negligence, a carrier of passengers is liable for personal injuries resulting directly from its violation of a city ordinance passed for the safety of passengers.

2. Whether the act of stepping from a street-car when slowly moving is contributory negligence is a question for the jury under all the circumstances of the case.

ERROR to the St. Louis Circuit Court, ADAMS, J.

*Reversed and remanded.*

A. R. TAYLOR, for the plaintiff in error: The court erred in excluding the evidence. The evidence clearly showed that plaintiff's injury was directly caused by the conductor not being at his post to stop the car for plaintiff, leaving her to get off the car while in motion, in direct violation of

the ordinance. This was negligence *per se* on the part of defendant. — 1 Thomp. on Neg. 558 ; 2 Thomp. on Neg. 1232 ; *Salisbury* v. *Horchenroider*, 106 Mass. 458 ; *Karle* v. *Railroad Co.*, 55 Mo. 476 ; *Owens* v. *Railroad Co.*, 58 Mo. 387 ; *Evans* v. *Railroad Co.*, 62 Mo. 58 ; *Maher* v. *Railroad Co.*, 64 Mo. 276. The ruling of the court in giving the peremptory instruction, was palpable error upon the evidence introduced. A strong case was made. — *Buesching* v. *Gas-Light Co.*, 72 Mo. 219 ; *Kelly* v. *Railroad Co.*, 70 Mo. 664. When a passenger steps from a car while in motion slowly, and sustains injury, it is a question of fact for the jury whether such act by the passenger is contributory negligence. — *Wyatt* v. *Railroad Co.*, 55 Mo. 485 ; *Loyd* v. *Railroad Co.*, 53 Mo. 509 ; *Burham* v. *Railroad Co.*, 56 Mo. 338 ; *Doss* v. *Railroad Co.*, 59 Mo. 37.

LEE & CHANDLER, for the defendant in error : The municipal corporation of the city of St. Louis could not directly impose a civil liability upon the defendant which did not rest upon it by charter or the general law, and it cannot do it indirectly by penalty. — *Philadelphia R. Co.* v. *Irvin*, 9 Cent. L. J. 14 ; *Heeney* v. *Sprague*, 2 R. I. 462 ; *Brown* v. *Railroad Co.*, 22 N. Y. 109 ; *Taylor* v. *Griswold*, 2 Green L. 222 ; *Philips* v. *Wickham*, 1 Paige, 590. The act of the plaintiff in jumping from the car while in motion was the proximate and, in a legal sense, the sole cause of her injury. — *Nelson* v. *Railroad Co.*, 68 Mo. 596 ; *Ginnon* v. *Railroad Co.*, 3 Robt. 32.

BAKEWELL, J., delivered the opinion of the court.

This is an action against a corporation running street-cars in St. Louis as a common carrier of passengers, for damages for injuries to a passenger.

The petition alleges that plaintiff was a passenger on defendant's line ; and that defendant, in consideration of the payment of fare by the plaintiff, agreed with her to

have the car properly manned with a conductor to stop the car at plaintiff's destination, and allow her to alight safely; that such conductor was not on the car; and plaintiff, by reason of his absence, was compelled to leave the car when in motion, and was thereby thrown down, and that her thigh was broken. The petition further says that, by an ordinance of the city, conductors are required, under a penalty, not to allow ladies or children to leave or enter cars while in motion, and that the violation of this ordinance caused the injury:

The defence sets up that the car was furnished with a proper conductor, who had temporarily left the car for his meal; that this was the custom; and sets up contributory negligence of plaintiff.

The evidence for plaintiff tended to show, that she resided a block or two from the western terminus of the line; that the car passed about half a block beyond her residence, without her notice; that one conductor was gone; that the car was going slowly; that she pulled the bell-rope; that the car did not stop, but was going so slowly that she thought she could safely step from the platform step to the street, and that she did so while the car was still moving; that she fell in consequence, and broke her thigh. She did not hear the bell ring, but she is deaf. She believed that she rang the bell. From the cross-examination of this witness and of other witnesses for the plaintiff, a reasonable doubt arises whether the strap or rope that she pulled communicated with the bell, or whether it was a strap hanging in the car for another purpose, which she pulled by mistake.

Plaintiff introduced an ordinance of St. Louis regulating street railways, which provides that conductors shall not allow ladies or children to leave or enter the car while the same is in motion, and prescribes a penalty for violating any provision of the ordinance. At the close of plaintiff's case, the court sustained a demurrer to the evidence.

Plaintiff took a non-suit with leave, and the court refused to set this non-suit aside.

The evidence shows that there was, at the time of the accident, a conductor on the car, whose business it was to drive, but that there were not two conductors. The ordinance does not specify the number of persons that shall be employed in the conduct of each car, but it does say that they shall not allow ladies to leave the cars when in motion. The only person in charge of the car when plaintiff rose to leave, was driving at the time. There can be no question under the rulings in Missouri, whatever may have been held elsewhere, that, in the absence of contributory negligence, the defendant is liable for an injury resulting from its violation of the provisions of an ordinance having in view the safety of passengers. Nor do we think it can be said, as a matter of law, that there was not any violation of this ordinance, where the only person in charge of the car was driving on the front platform with his back to the passengers, and a lady was permitted, without remonstrance, to rise and leave the car by the back platform whilst it was in motion, the car being nearly empty. Whether the act of stepping from the car whilst in slow motion was contributory negligence, was, under the circumstances, a question of fact for the jury. *Doss* v. *Railroad Co.*, 59 Mo. 37. The plaintiff seems to have made out a *prima facie* case. When there is substantial evidence to sustain the allegations of the petition, it should be submitted to the jury in Missouri. *Kelly* v. *Railroad Co.*, 70 Mo. 604.

That the violation of the ordinance shown was not the not having any conductor on the car was immaterial, if by reason of one conductor having temporarily left the car, there was no conductor on board who could, by proper diligence, see to it that ladies should not leave the car whilst it was in motion. It was for the jury to say, under all the circumstances of the case, whether it was the negligence of defendant's servants that plaintiff was allowed to leave the car

whilst in motion.   In view of the ordinance which makes it the duty of the conductor to see that this leaving of the car is not permitted to ladies whilst the car is going, it cannot be declared as a matter of law in this case, that there was no negligence on the part of the company when a lady was permitted, without remonstrance from the conductor, to leave a car in motion.   It may, under certain circumstances, be quite impossible for a conductor to prevent a woman or a child from jumping from a moving car; but it is for the jury to say in each case whether the company's servants have complied with the ordinance by using proper diligence to see that this is not done.   The person in charge of the car may be under no obligation to struggle with a grown passenger, but he is bound to warn any woman whom he sees about to leave the car when in motion, to remain until it stops, and to stop the car at the crossing when notified by the passenger to do so.   A conductor engaged in driving the car may or may not be competent to stop the car at proper intervals, and to see to it that passengers do not get off before the car stops.   This must depend upon the construction of the car, its condition as to the number of passengers on board at the time, and all the circumstances of the case.   If the servant of defendant engaged in this car in the present case could not, from his position, or by carelessness did not, see to the observance of the ordinance, and there was no contributory negligence on part of the plaintiff, and the accident was the direct result of a violation of the ordinance, the plaintiff was entitled to recover.   As there was substantial evidence tending to show these facts, we think that it should have been submitted to a jury under the pleadings.

The judgment is reversed and the cause remanded. Judge LEWIS did not sit; Judge THOMPSON concurs.