KENDRICK v. THE CHICAGO & ALTON RAILROAD COMPANY,
*Appellant.*

1. **Railroads**: KILLING STOCK: FAILURE TO RING BELL AT PUBLIC CROSS-
ING.  In an action founded on Revised Statutes, section 806, against
a railroad for killing plaintiff's hog at a public crossing, caused by
neglect to ring the bell or· to blow the whistle of its locomotive, it
not appearing that the hog was fettered or hindered so as to prevent
its escape from the track had the signals been given, it is proper for
the trial court to instruct the jury to find whether the killing was
caused by the alleged neglect to give the signals.

2. **Verdict**: NO EVIDENCE TO SUPPORT.  Where there is no evidence
to support a verdict, returned by the jury, on a count in the peti-
tion for the negligent killing of one of plaintiff's hogs, the judg-
ment will be reversed as to such count.

3. **Negligence**: PLEADING: MISJOINDER.  A common law action for
negligence cannot be joined in the same count with one for stat-
utory negligence.

*Appeal from Saline Circuit Court.*—HON. WM. T. WOOD,
Judge.

REVERSED.

*Macfarlane & Trimble* for appellant.

The burden of proof was on plaintiff to show, that
the killing of the hogs was caused by failure to give the
signals, or that it was negligence to permit wheat to be
scattered on the track and that such negligence was the
proximate cause of the damage.  Neither was shown and
defendant's instruction that the verdict should be for de-
fendant on the first count should have been given.  *Hol-
man v. Railroad Co.*, 62 Mo. 562; *Alexander v. Railroad
Co.*, 76 Mo. 494.  There were two, if any, causes of action
shown by the evidence.  The two hogs were killed on dif-
ferent days and constituted two distinct causes of action,
and could not be joined in the same count of the statement,
and the verdict could only have been for the value of one
of the hogs.  All testimony in reference to the other

should have been excluded. On the second count the statement was fatally defective. It fails to show that the hogs got on defendant's track and were killed at a place where defendant was required by law to maintain fences. And it fails to show that the injury to the hogs was the result of the failure to fence. Defendant's objections to all testimony and its motion in arrest of judgment should have been sustained. *Schulte v. Railroad Co.*, 76 Mo. 324; *Rowland v. Railroad Co.*, 73 Mo. 619. This count is for double damages under the 43rd section of the railroad act, but the statement shows that the hogs were tolled on the track by scattered wheat. Who did the tolling is not shown, but if any reason for the killing is shown, it is that the hogs were tolled on the track. The 43rd section does not make this negligence, for which either simple or double damages can be recovered. The defective statement is not cured by the evidence. It did not appear how long the fence, had been out of repair. *Clardy v. Railroad Co.*, 73 Mo., 576.

*S. B. Burks* for respondent.

PHILIPS, C.—This is an action begun in a justice's court for the recovery of damages for killing stock on defendant's railway track. The statement contains two counts. The first count is based on section 806 Revised Statutes. The second count is based on section 809 of said statutes. Each action is for killing hogs. Judgment in the justice's court for plaintiff on both counts, with like result in the circuit court, to which defendant took the case on appeal. From this judgment of the circuit court the defendant prosecutes this appeal.

I.   The first count alleges the killing of two hogs at a point on defendant's road where the same crosses a public road. The negligence imputed to defendant was a failure to either ring the bell or sound the whistle, as required by the statute. As to one of the hogs the evidence quite satis-

factorily showed that it was killed by defendant's train of cars at such crossing, and that defendant failed to give either of the required signals at the place and time. The hog was in no wise fettered or hindered, so as to have prevented its escape from the track, had the signal been given, nor was there anything, so far as the evidence discloses, to obstruct the view of the hog or the engineer in charge of the locomotive.

The instruction given by the court touching this issue, very properly and pointedly required the jury to find that the injury to the hog was caused by the neglect of the defendant to ring the bell, or to sound the whistle. This was, as we think, all the statute requires. *Alexander v. R. R. Co.*, 76 494; *Turner v. R. R. Co.*, 78 Mo. 578. It is true there was evidence *pro* and *con*, as to whether the sounding of the whistle or the ringing of the bell would likely have attracted the attention of the hog and caused it to have moved from the track. But this evidence was incompetent and immaterial. The legislature has imposed this duty on the railroad companies, presumably because the known tendency of such noise is to frighten stock away, and the statute should stand for a reason. *Turner v. R. R. Co.*, *supra*.

As to the second hog killed, the evidence shows that it was found dead at the said road crossing, but at a day different from the killing of the first named hog. No one saw it killed, nor was there any evidence of a failure on the part of defendant to sound either the whistle or ring the bell. There was, therefore, no evidence whatever to support the verdict returned by the jury for this hog; and the judgment on this count should be reversed for this error. As the case is to be remanded, it is, proper to say, that in both counts of the statement there is an averment that wheat was scattered along the road bed at the point where the hogs were killed. These allegations should be either stricken out or treated as mere surplusage, and no evidence admitted thereon. Any cause of action arising on such

fact would be but a common law action for negligence. The present action is confessedly founded on the statute, above named, with which such common law action cannot be joined in the same count.

II. As the cause is to be reversed, the objection made to the second count of the statement can be obviated by an amendment. The statement as it is would, perhaps, be sufficient after verdict, under the recent decisions of this court; but the plaintiff would do well to amend by averring that defendant was required by the said section of the statute (43 §, Wag. Stat. p. 310) to erect and maintain a good and substantial fence along, etc., the sides of its road, at the point where said hogs got upon the track, etc. The statement should also be amended by omitting the allegation touching the strewing of wheat along the road.

The judgment of the circuit court is reversed and the cause remanded. All concur.