BERNARD FATH, by his next Friend, KARL FATH, Respondent, v. TOWER GROVE AND LAFAYETTE RAILWAY, Appellant.

St. Louis Court of Appeals, December 3, 1889.

1.  Municipal Corporations:  ORDINANCES REGULATING STREET RAILWAYS.  The city of St. Louis has the right to pass an ordinance requiring the drivers of street cars to keep a vigilant watch for all vehicles and persons on foot, especially children, either on the track or moving towards it.

2.  ———: ———.  But a provision in such ordinance requiring that, on the first appearance of danger to such vehicles or persons, "the car shall be stopped in the shortest time and space possible" is invalid for the purpose of an action for damages by an injured person, in that it exacts of the driver a higher degree of care than the common law prescribes, that is, more than ordinary diligence.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.*

---

*A motion for rehearing was filed in this cause and was not determined until February 25, 1890, owing to which this cause is reported somewhat out of its order. The motion was then overruled, but the cause was certified to the Supreme Court on the ground that one of the Judges deemed the decision therein contrary to the decision of the Supreme Court in *Liddy v. St. Louis Railroad Company*, 40 Mo. 506.

*Hitchcock, Madill & Finkelnburg*, for the appellant.

*A. R. Taylor* and *David Goldsmith*, for the respondent.

BIGGS, J., delivered the opinion of the court.

The defendant is a corporation organized under the laws of the state of Missouri, and owns and is engaged in operating a horse and street railway in the city of St. Louis. The plaintiff is a minor, prosecuting this appeal by his next friend Karl Fath, and seeks to recover for personal injuries alleged to have been inflicted on him through the negligence of the defendant's servants in running one of its cars.

In addition to the usual averment of negligence by defendant in running its cars, it was alleged by the plaintiff that the defendant failed to observe the requirements of subdivision four of section 1246 of article 6, of the revised ordinances (1887) of said city, and that, by reason of such failure, the plaintiff received great and permanent personal injuries. Subdivision four of the ordinance reads as follows: "The conductor and driver of each car shall keep a *vigilant* watch for all vehicles and persons on foot, especially children, either on the track or moving towards it, and on the first appearance of danger to such persons or, vehicles, the car shall be stopped *in the shortest time and space possible.*" The italics are our own. Section 1 of article 10, of the city charter, authorizes the city of St. Louis to grant to persons or corporations the right to construct railways on the streets of said city, and to regulate and control the same. Section 2 of this article confers on the mayor and the assembly power to regulate the time and manner of running cars on street railroads, etc. This power is to be exercised by the passage of ordinances not inconsistent with the constitution, or any law of this state. City Charter, section 26, article 3.

The plaintiff's evidence tended to prove that on the twenty-sixth day of July, 1884, he was on, or was approaching, the defendant's railroad track, as one of the defendant's cars was moving northwardly on Columbus street ; that the driver of the car either did see, or by the exercise of proper care and diligence could have seen, the plaintiff, and could have stopped the car in time to prevent the accident, but negligently failed to do so; by reason of which the driver ran the car against plaintiff, causing him great personal injury. The plaintiff read the ordinance hereinbefore referred to in evidence, to which the defendant objected, because the ordinance was irrelevant, and was inconsistent with the laws of this state in that the fourth paragraph fixed a standard of diligence different from that of the common law. The defendant's objection was overruled, and it excepted to the action of the court.

The evidence for the defendant tended to show that, just previous to the accident, a crowd of men, women and children were collected on the sidewalk, as the defendant's car was passing along; that the crowd was scattered by a policeman, and that the children ran in various directions; that the plaintiff ran obliquely toward defendant's car without looking in the direction in which he was running, and struck the car between the team and the dashboard; that he fell, and was dragged along by the brake-rod until the car was stopped; that the driver acted promptly and stopped the car as soon as possible, and that he could not have become aware of the approach of the plaintiff earlier than he did.

The trial resulted in a verdict and judgment for the plaintiff, and the defendant, having unsuccessfully moved the court to vacate the judgment and grant a new trial, has brought the case to this court by appeal.

The defendant now complains of the judgment, and insists that it should be reversed, for the following

reasons :   *First.*   Because a violation by the defend-
ant of paragraph four, thereby causing an injury to
plaintiff, would not subject the defendant to an action
for damages for the injury inflicted,   *Second.*   Because
paragraph four requires a much higher degree of dili-
gence by the defendant, than is warranted by the
general law, and that for this reason the ordinance is
inconsistent with the laws of the state.   These two
legal propositions are properly presented by the record
for review, and they arise out of the admission of
plaintiff's   evidence and   the   giving of   plaintiff's
instructions to   which the defendant objected and
excepted.

I.   We cannot yield our assent to defendant's first
proposition.   The right of the city to pass reasonable
ordinances for the regulation and government of railways
in *running* their trains within its limits, is well settled.
*Merz v. Railroad,* 88 Mo. 676; *Bergman v. Railroad,*
88 Mo. 684.   A violation of any such ordinance is negli-
gence *per se,* and if personal injury to a citizen follows
or results from such violation, then the cause of action
of the party injured is complete.   This doctrine has
become so firmly rooted in the jurisprudence of this
state that it is no longer an open question.   *Karle v.
Railroad,* 55 Mo. 476; *Keim v. Railroad,* 90 Mo. 314;
*Dunkham v. Railroad,* 95 Mo. 236; *Kelly v. Railroad,*
95 Mo. 281; *Eswin v. Railroad,* 96 Mo. 290; *Fortune v.
Railroad,* 10 Mo. App. 252.

The cases relied on by the defendant as establishing
a different rule were actions for personal injuries result-
ing from a failure on the part of the defendant to
observe city ordinances requiring them to remove snow
and ice from the sidewalks in front of their premises.
In these cases, the danger to the pedestrian, by the
accumulation of snow and ice on the sidewalk, was the
result of natural causes, and not through any act or
fault of the property owners; and, as the general law

imposed no duty on the owners as to the general public to remove the snow and ice, no cause of action based on such failure could exist under the general law. The courts, reasoning from these premises, have concluded that it is beyond the power of municipal corporations to *create* a cause of action in favor of a private citizen for the violation of such an ordinance.

But ordinances for the regulation of steam and horse railways within the limits of a city rest on a different foundation. The owner of a street railway owes a duty to the public, and this duty grows out of, and has for its consideration, the privilege granted by the city to use a portion of the public street in operating its road. As a further consideration for such a privilege, the owner is compelled to submit to all reasonable rules and regulations governing the operation of the road, which the city government may deem necessary and adequate for the protection of the lives and property of its citizens. In the case of *Flynn v. Canton Co.*, etc., 40 Md. 312, the court, in discussing the right of an individual to maintain an action for the violation of an ordinance requiring snow and ice to be removed from sidewalks, said : "The duty or service here required is for the benefit of the public, and in consideration of no private pecuniary gain to those upon whom it is imposed. It is not like the case where an individual is bound by a private statute under which he derives a benefit, * * * nor like the case of turnpike companies or other private corporations charged with the performance of certain duties by the acts under which they are incorporated. In such cases the duty is perfect and binding at all times, and its neglect is followed by this responsibility, because it is founded on a valuable consideration or made the condition of the grant." The case of *Heeny v. Sprague*, 11 R. I. 456, was a similar case, and in disposing of it, the court pursued the same course of reasoning.

II.   We are inclined to agree with the defendant on the second proposition.  The municipal assembly in paragraph four not only undertook to regulate the running of street cars, but endeavored to legislate on the subject of diligence as an abstract question.  The question is, whether the ordinance is valid for the purpose of establishing a different degree of care to be exercised by the defendant, than that exacted by the common law.  It must be conceded that the city council had the right to prescribe all reasonable rules and regulations for the government of street railways; and, under the power thus conferred, its ordinances regulating the speed of cars, the motor power to be used, the construction of the cars, and other like regulations, must be upheld. But beyond this it cannot go.  It cannot prescribe such duties, and then determine the *degree of care* to be used in their performance.  In controversies between third persons and a street railway, growing out of an alleged failure to properly observe such a regulation, the degree of diligence to be exercised by the defendant in the discharge of the duty imposed must be determined by the application of common-law principles, and not by another and different rule provided in the ordinance.   In the case under consideration, the ordinance requires the car to be stopped "*in the shortest space and time possible.*"  In the discharge of the duty imposed the ordinance demands the exercise of the *greatest possible diligence*, whereas the general law exacts *reasonable care*.   To this extent the ordinance in question is inconsistent with the law of the state.   That portion of paragraph four, which requires the conductor and driver of a street car to keep a vigilant watch, merely asserts a duty imposed by the general law.   It imposed no additional obligation on the defendant in the operation of its road.   Under this view it must be conceded that this portion of the ordinance was irrelevant as a matter of evidence.

The practical difficulty of enforcing this ordinance according to its terms was experienced by the learned judge who tried this case. The plaintiff's instructions were predicated on the ordinance, in which the highest degree of diligence was exacted of defendant's driver in keeping watch and stopping the car. On the other hand, the defendant's instructions declared the common-law rule, and required of the defendant's driver *reasonable care* in running the car, that is, such care and caution as a prudent person would have used under like circumstances.

The court gave the instructions asked by both parties, and in this we think it committed error.

Our conclusion is, that the court committed error, both in the admission of the ordinance as evidence, and in charging the jury in the language of the ordinance. The common law furnishes a very safe and reasonable rule, and it is by that, we think, the defendant ought to be judged.

We do not wish to be understood as deciding that the ordinance is void as between the defendant and the municipal authorities. The judgment of the circuit court will be reversed and the cause remanded. Judge ROMBAUER concurs in this opinion. Judge THOMPSON concurs in the result.