## McHUGH v. ST. LOUIS TRANSIT COMPANY, Appellant.

**In Banc, June 28, 1905.**

1. **NEGLIGENCE: Pleading: Common Law Action: Violation of Ordinance: One Count.** An action for damages for common law negligence cannot be joined in the same count with one for statutory negligence. An action for negligence based on common law negligence in starting a street car forward with a jerk just as plaintiff, a female passenger, was in the act of alighting therefrom in obedience to a call from the conductor of the point of her destination, is one cause of action, and an averment of a violation of a city ordinance prohibiting conductors from allowing ladies or children to leave cars while in motion and asking for damages for injuries resulting from a violation of said ordinance, is another cause of action; and the two causes should not be combined in one count of the petition, and if that is done, and the point properly raised at the trial by motion to elect, etc., a judgment for plaintiff will be reversed. As the accident resulted from the same transaction, the two causes could well be joined in the same petition, but in separate counts, with a prayer for judgment at the end of each count.

2. ———: **Evidence: Statements By Plaintiff.** A witness testified that plaintiff "would bring her hand up to her side, and say that her side hurt her, and that she had such pains in the hollow of her neck and the back of her head." *Held,* that the representations, having been made by plaintiff prior to the institution of the suit, were receivable as original evidence.

McHugh v. Transit Co.

3. ———: **Ordinances: Unreasonable.** The city ordinances provided: "Conductors shall not allow ladies or children to leave or enter cars while the same are in motion." *Held*, that the ordinance is not unreasonable and void as imposing upon the carrier the duty of controlling the acts and liberty of passengers, nor does it impose an unreasonable duty upon carriers toward those under their care and whom they undertake to carry safely.

4. ———: ———: **Civil Liability.** It is not error to permit such ordinance in evidence on the ground that its violation by the carrier creates a civil liability against it in favor of the passenger. Such ordinance, being in the nature of a police regulation for the safety of passengers upon street cars, was within the power and authority of the city, under its charter, to pass.

5. ———: **Care: Error in Favor of Appellant.** Where the instruction in one part exacts of the carrier "a very high degree of care" and lower down "ordinary care," the error in the use of the latter words was in the carrier's favor, hence, one of which he cannot complain.

6. ———: **Alighting From Car: Duty of Conductor.** It is not error to tell the jury that it was the duty of the conductor, in addition to warning a young woman not to step from the car while it was in motion, to "exercise reasonable care to prevent her from alighting therefrom."

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney*, Judge.

REVERSED AND REMANDED.

*Boyle, Priest & Lehmann* and *Geo. W. Easley* for appellant.

(1) The court erred in overruling the several motions to elect filed by appellant. The petition being in a single count, contains two distinct causes of action. Post v. Campan, 42 Mich. 96. The primary right of the plaintiff alleged to have been neglected by the defendant was the right to have her car stop at her point of destination, and there held for a reasonable time to enable her to alight; the neglect of defendant to award her that primary right constituted the *delicti*, which, when followed by injury, constituted a full and com-

plete cause of action. The primary right, alleged in
the second part of the petition, was the right to have
the conductor disallow her to leave the car while in mo-
tion. If the ordinance be valid and the injury followed
the neglect of the duty sought to be imposed thereby,
that is another complete and distinct cause of action.
The second allegation claims a right to have the con-
ductor allow or permit her to leave the car while in mo-
tion. That right, if it exists at all, was created solely
by the ordinance. It did not arise from the common
law. To allege in the same count, which asks but one
remedy, two distinct duties not arising from the same
source of power, and the neglect of each of them, must,
in the very nature of things, state two distinct causes of
action. Pomeroy's Remedies, secs. 452-462; Warwick
v. Hutchinson, 45 N. J. L. 65; Foote v. Edwards, 13
Blatchf. 310; Sumner v. Rogers, 90 Mo. 329; Kendrick
v. Railroad, 81 Mo. 521; Harris v. Railroad, 51 Mo.
App. 128; Linnville v. Harrison, 30 Mo. 228; Jamison
v. Copher, 35 Mo. 351; Ederlin v. Judge, 36 Mo. 483;
Southworth Co. v. Lamb, 82 Mo. 242; Bartley v. Tror-
licht, 49 Mo. App. 216; Supperly v. Railroad, 9 How.
Pr. 83; 1 Burn's Anno. Code, sec. 413. "If it be true
that the petition discloses two causes of action which
should have been separately stated, the remedy in such
cases is by motion." Childs v. Railroad, 117 Mo. 437;
Kern v. Pfaff, 44 Mo. App. 32; Lidel v. Fisher, 48 Mo.
App. 454; Mooney v. Kennett, 19 Mo. 551; Otis v. Bank,
35 Mo. 128; Crystal v. Craig, 80 Mo. 367. (2) The
court erred in admitting the ordinance in evidence: 1.
Because the same is unreasonable and void. It imposes
upon the carrier the duty of controlling the acts of pas-
sengers, when the passenger is at liberty to act as he
pleases. Fortune v. Railroad, 10 Mo. App. 256; Mur-
ray v. Railroad, 176 Mo. 183; Hutchinson v. Railroad,
161 Mo. 253. 2. The ordinance requires the conductor
to assault the lady, if necessary, to prevent her from
getting off the moving car. 3. An ordinance that

merely prescribes a penalty for its violations, does not create a liability in favor of a private individual. The only liability which attaches to its infraction is the penalty. Hartford v. Talcott, 48 Conn. 425; Keokuk v. Dist. of Keokuk, 53 Ia. 352; Kirby v. Market Co., 14 Gray 249; Flynn v. Canton Co., 40 Mo. 312. The city has no authority to create any other liability than the penalty it is authorized to impose. Van Dyke v. Cincinnati, 1 Disney 532; Moran v. Car Co., 134 Mo. 631. 4. The inhibition of the ordinance is so broad, when construed in the light of the ordinary duties of a street car conductor, as to make it unreasonable and void. Take a car with an entrance at each end; how can the conductor guard both? In such a case the conductor cannot be charged with such duty. Gebhart v. Railroad, 97 Mo. App. 383.

*A. R. Taylor* for respondent.

How can there be two causes of action made out of one injury? The injury is the essence of the cause of action, without which any number of negligent acts would fail to make a cause of action. Thus, in this case, if the defendant's servants negligently started the car whilst the plaintiff was getting off, but injury did not result, manifestly there would be no cause of action; and so, if the conductor violated the ordinance in allowing the plaintiff to get off while the car was in motion, but no injury ensued, there would be no cause of action. Our Code requires that the petition shall state the substantive facts constituting the cause of action concisely and without unnecessary repetition. R. S. 1899, sec. 592. This means that the petition should contain averments of all substantive facts relied on for a recovery. Hill v. Railroad, 49 Mo. App. 534; Bradley v. Railroad, 94 Mich. 38.

BURGESS, J.—This is an action for damages alleged to have been sustained by the plaintiff, resulting from injuries received in an accident which occurred at the intersection of Delmar and Euclid avenues, in the city of St. Louis, on the 1st day of April, 1901, by reason of one of the cars of the defendant, in which plaintiff was a passenger, being started forward with a jerk just as plaintiff was in the act of alighting therefrom.

The petition alleges that as such car approached said Euclid and Delmar avenues, defendant's conductor in charge of said car called out Euclid avenue, and said car was stopped at or near said crossing, plaintiff's destination, and plaintiff thereupon, at said invitation, proceeded to alight from said car whilst the same was so stopped, and whilst she was in the act of alighting, and before she had reasonable time or opportunity to do so, defendant's servants in charge of said car carelessly and negligently caused and suffered said car to be started, whereby the plaintiff was thrown from said car and sustained great and permanent injuries upon her body and legs, and also great and permanent internal injuries, sustaining an injury to her knee and to her side, causing a compression to her side and chest, and injury to her lungs and causing her to have pleurisy, and also injuring her head and causing a great and permanent injury to her nervous system. And the plaintiff avers that at the time of her said injury there was in force in the city of St. Louis an ordinance of said city by which it was provided that conductors of street cars should not allow women or children to enter or leave the car whilst the same was in motion, yet the plaintiff avers that defendant's conductor in charge of said car, in violation of said ordinance, caused said car to start in motion whilst plaintiff was leaving it, and allowed the plaintiff to leave said car whilst the same was in motion, which violation of said

ordinance directly contributed to cause plaintiff's said injuries.

The answer was a general denial, and a plea of contributory negligence on the part of plaintiff in attempting to alight from a moving car, one hundred and fifty feet east of the eastern line of Euclid avenue.

The plaintiff's evidence tended to show that she was at the time of the accident about twenty-five years of age, and receiving fourteen dollars per month for her services as housewoman; that on the day of the accident to her she boarded defendant's west-bound car at Pendleton and Finney avenues, about eight o'clock in the evening, and that her destination was Euclid avenue, or 4900 Delmar avenue; that on the same car with her there were five other passengers, four in the front part and one in the rear part of the car; that when the conductor called for plaintiff's fare she requested him to let her off at 4900 west, or Euclid avenue; that when the car reached said avenue or number it stopped and the conductor from the platform spoke to plaintiff, saying, "this is 4900," and told her to get off, whereupon the plaintiff arose in her seat and went towards and upon the rear platform of the car and took one step, when the car was moved forward with a jerk which threw her to the ground and caused the injuries complained of; that after being thrown from the car plaintiff was taken to St. Joseph Hospital, where she remained ten days under the treatment of physicians then in the service of the St. Louis Transit Company; that upon leaving the hospital she returned to Mrs. Dunn's where she had been employed at the time of the injury, and was thereafter under the treatment of Dr. Grant. Plaintiff stated in her testimony that she was injured on the back of her head and on her side and that her knees and arms were bruised; that she was rendered unconscious by the fall and did not regain consciousness until after she reached the hospital; that after the accident and up to the time of the trial she had a pain

in her side and had been subject to fainting spells and had pains in her head constantly; that she was unable to discharge her duties as servant to Mrs. Dunn until May following her injury. Plaintiff proved that she paid thirty dollars for medical services.

Mrs. Dunn, witness for plaintiff, stated that before the injury plaintiff's health was good, but that when she returned after the injury she would complain of her side hurting her and of pains in the back of her neck and head; that she would have fainting spells and at those times would fall forward on the floor, dropping anything she might have in her hands; that these spells at first occurred once or twice a week, and sometimes would be ten days apart and then several weeks or a few months apart, and then come very close together again.

Plaintiff read in evidence article 6, entitled, "Of Street Cars," and subdivision 5 of section 1246, of the Revised Ordinances of the city of St. Louis, as follows: "Conductors shall not allow ladies or children to leave or enter the cars while the same are in motion."

Adolphus Brown, witness for the defendant, testified that he was the conductor in charge of the car at the time plaintiff claims she was injured. He testified in substance that there were at the time of the accident only three passengers on the car, the plaintiff, a Miss Walsh, and another lady whose name he did not mention; that plaintiff asked him to let her off at Euclid avenue, and that as the car passed Bayard avenue he called out, "Euclid avenue, 4900;" that plaintiff came back in a rush and stepped on the platform and down on the first step; that he then grabbed hold of her, saying: "Hold on, lady; don't jump off until it stops;" that as he said this she jumped off backwards; that the point at which she jumped off backwards was 150 feet east of Euclid avenue, and that at the time the car was moving at a speed of about fifteen miles an hour; that after the plaintiff jumped and fell he got off im-

mediately and ran to her assistance, and that plaintiff was then taken to the doctor's office. He stated that after the other passengers got off to help plaintiff, the car did not stop, but continued on for eight blocks west; that he grabbed the plaintiff with both hands and pulled her shawl off her. This statement was contradicted by the plaintiff who stated that she did not have a shawl on, but a jacket which was buttoned.

Miss Walsh's testimony tended to corroborate the testimony of the conductor.

Plaintiff recovered judgment for the sum of $3,300, from which judgment, after unsuccessful motions for new trial and in arrest, defendant appeals.

This appeal was granted and the appeal perfected prior to the announcement of the decision of the Court in Banc in the case of Gabbert v. Railroad, 171 Mo. 84, and the point as to the adoption of the amendment providing for a verdict by less than twelve jurors was brought into question by instructions and the motion for new trial.

At the opening of plaintiff's case, and again at the close of all the evidence, defendant moved the court to require plaintiff to elect upon which cause of action alleged in the petition she would proceed to trial.

Defendant insists that the petition contains two separate and distinct causes of action, and that the court erred in overruling said motions. The argument is that the first cause of action is for the negligent acts of the conductor in calling out, "Euclid avenue," stopping the car at the plaintiff's destination, and while she at his invitation was proceeding to alight therefrom, while the car was standing, and before she had reasonable time or opportunity to do so, the car was negligently caused and suffered to be started, whereby the plaintiff was thrown and injured; while the other cause of action is for the negligent act of the conductor in allowing the plaintiff to leave the car while the same

was in motion, in violation of an ordinance, which violation directly contributed to plaintiff's injury.

That the petition states two causes of action is, we think, clear; the first, an action at common law for negligence; the other an action for damages alleged to have been sustained by plaintiff by reason of the alleged negligence of defendant's conductor in charge of the car in which plaintiff was a passenger, in permitting her to leave said car whilst the same was in motion, in violation of the ordinances of the city of St. Louis. They are independent of each other, and upon either an action might be maintained, but they cannot, under the rules of good pleading, be embraced in the same count. If embraced in the same petition they should be in separate counts, with a prayer for judgment at the conclusion of each count. When separate causes of action are united in the same petition, each must be distinctly and separately stated, with the relief sought to each cause of action in such manner that they may be intelligently distinguished. [R. S. 1899, sec. 593; Childs v. Bank of Missouri, 17 Mo. 213; Mooney v. Kennett, 19 Mo. 551; Doan v. Holly, 25 Mo. 357; Marsh v. Richards, 29 Mo. 99; St. Louis Gas Light Co. v. St. Louis, 86 Mo. 495; Christal v. Craig, 80 Mo. 367; Henderson v. Dickey, 50 Mo. 161; Kendrick v. Railroad, 81 Mo. 521; Linville v. Harrison, 30 Mo. 228; Jamison v. Copher, 35 Mo. 483; Ederlin v. Judge, 36 Mo. 351; Southworth Co. v. Lamb, 82 Mo. 242.]

While there was but one injury and there could be but one recovery for it, and any number of negligent acts preceding the injury and leading up to and contributing to it might properly be set forth in the same count of the petition, if of the same character, an action for damages at common law for negligence cannot be joined in the same count with one for statutory negligence, for the very obvious reason that they could have no possible connection with, or in any way be depen-

dent upon, each other. [Kendrick v. Railroad, 81 Mo. 521.; Harris v. Railroad, 51 Mo. App. 125.]

Hill v. Railroad, 49 Mo. App. 520, and same case in 121 Mo. 477, relied upon by plaintiff, does not announce a contrary rule. Upon the other hand, the acts of negligence preceding the injury in that case were all of the same character and naturally led up to and contributed to the accident, while in the case at bar they were independent of and had no connection with each other. Each cause of action was founded on a different right, and each right separate from the other, because not derived from the same source or in the same manner. As the accident resulted from the same transaction, the causes of action could well be joined in the same petition, but in separate counts, with a prayer for judgment at the conclusion of each count.

The court, at the instance of plaintiff, instructed the jury upon both causes of action, and authorized a recovery upon proof of either negligence or of a violation of the ordinance, and thus recognized the petition as stating two different causes of action. In case a petition improperly joins two different causes of action in the same count, it has always been ruled by this court that the remedy is by timely motion to require the plaintiff to elect upon which count he will proceed to trial, as was done in this case. [Mooney v. Kennett, 19 Mo. 551; Otis v. Mechanics' Bank, 35 Mo. 128; Kern v. Pfaff, 44 Mo. App. 32; Liddell v. Fisher, 48 Mo. App. 454; Christal v. Craig, 80 Mo. 367; Childs v. Railroad, 117 Mo. 414.]

The case in hand is clearly distinguishable from Bartley v. Trorlicht, 49 Mo. App. 216, and that class of cases, where a number of defects in machinery, all existing at the time of the injury, might co-operate with each other in producing it; and under such circumstances, it would be proper to unite them, because the ultimate effect of all the defects produced the injury,

and because capable of and likely to co-operate with each other in the result.

The motions should have been sustained.

Mrs. Dunn, a witness for plaintiff, was permitted to testify, over objection offered by defendant, that plaintiff "would bring her hand up to her side and say that her side hurt her; and that she had such pains in the hollow of her neck and the back of her head." This evidence was clearly with reference to plaintiff's expressions of pain felt at the time, and not made after the institution of suit, as claimed by defendant. It therefore falls within the rule announced by Mr. Green-leaf in his work on Evidence, as follows: "So, also, the representation by a sick person of the nature, symptoms, and effects of the malady under which *he is laboring at the time,* are received as original evidence. If made to a medical attendant, they are of greater weight as evidence; but if made to any other person, they are not on that account rejected." [1 Greenleaf on Evidence (Lewis Ed.), sec. 102.]

It is next claimed that the demurrer which was interposed to plaintiff's evidence should have been sustained, but we are unable to concur in this contention. The evidence, although conflicting, was, we think, sufficient to entitle plaintiff to have her case go to the jury.

It is also contended that the third instruction given for plaintiff should have been refused because there was no evidence upon which to base it, but this contention is, we think, untenable.

Another contention is that the court erred in admitting the ordinance in evidence, upon the ground that it is unreasonable and void in that it imposes upon the carrier the duty of controlling the acts of passengers, when the passenger is at liberty to act as he pleases. This same ordinance was before the St. Louis Court of Appeals in the case of Fortune v. Railroad, 10 Mo. App. 252, and it was then upheld upon the ground that

it was for the safety of passengers travelling upon rail-
ways and steam cars within the city limits. That case
was cited with approval in the more recent case of Fath
v. Railroad, 39 Mo. App. 447. The ordinance is not un-
reasonable or void, nor does it impose upon public car-
riers of passengers an unreasonable duty toward those
under their care and whom they undertake to carry
safely.

Another objection urged against this ordinance is
that it creates a new duty upon the part of carriers of
passengers, and that the violation of that duty is neg-
ligence, and such negligence causing injury creates lia-
bility. This same question has been before this court
on a number of occasions, and, while the decisions upon
it are not uniform, in the recent case of Sluder v. St.
Louis Transit Company, 189 Mo. 107, in an able and ex-
haustive opinion by GANTT, J., in which all the authori-
ties are reviewed, it is held that such ordinances, be-
ing in the nature of police regulations for the safety of
passengers upon street cars, were within the power and
authority of the city to pass under its charter. This
decision was by the Court in Banc, and must be consid-
ered as finally settling the question now under consid-
eration.

Instruction numbered four given on behalf of plain-
tiff is complained of upon the ground that it is contra-
dictory in its terms, in that it requires in one part that
the persons in charge of said car should ''use a very
high degree of care,'' and in another, of the conductor,
''ordinary care,'' thus allowing plaintiff to leave the
said car whilst it was in motion, and must have been
confusing to the jury. We are unable to agree in this
contention, as it seems to us to be without merit, for if
the law required of those in charge of the car the ex-
ercise of a ''very high degree of care,'' which seems to
be conceded by defendant, and the instruction only re-
quired of the conductor ordinary care, we are unable
to perceive how the jury could have been misled, or the

rights of the defendant prejudiced thereby. If the first proposition be correct, then it was an error in favor of the defendant to require of the conductor only ordinary care, and of which defendant cannot complain. Certainly the judgment should not be reversed on that ground.

Another insistence is that the court erred in refusing the first instruction asked by the defendant, and in giving instruction numbered one of its own motion. The only difference in these two instructions is that in defendant's instruction the jury was told that if plaintiff stepped from said car while in motion, and that the conductor of said car warned her not to step from it before she alighted therefrom, she could not recover, while the instruction given by the court of its own motion told the jury that if the conductor, in addition to warning plaintiff not to step from said car before she alighted therefrom, "*exercised reasonable care to prevent her from alighting therefrom,*" she could not recover and the verdict must be for defendant.

In a word, the instruction given by the court of its own motion only required of the conductor the exercise of reasonable care to prevent plaintiff from alighting from the car while in motion, which was nothing more than his duty anyway, for it is common knowledge that it is dangerous for passengers to step from cars upon which they are traveling when such cars are in motion. No conductor who is regardful of his duties toward his passengers would neglect to exercise ordinary care to prevent injury to them while getting off or on the car of which he has control. There was, therefore, no error in refusing the one instruction and giving the other.

A point is made with respect to the amount of the verdict, which is claimed to be excessive, but as the case must be reversed and the cause remanded, it seems unnecessary to pass upon that question.

For these intimations the judgment is reversed and the cause remanded.

*Brace, C. J., Gantt* and *Fox, JJ.,* concur; *Marshall, Valliant* and *Lamm, JJ.,* concur in the result.