ENNIS, Administrator, Appellant, v. PADGETT et al.,
Respondents.

**St. Louis Court of Appeals, February 5, 1907.**

1. **PLEADING: Demurrer: Two Causes Improperly Joined in One Count.** Where two causes of action, which the code allows to be joined in one petition by stating them separately, are improperly mingled in one count, the proper method of objecting to such a petition is by motion to have the plaintiff elect on which cause he will proceed, and not by demurrer.

2. ——: ——: **Action Ex Delicto and Ex Contractu.** Where plaintiff's petition sets out a note signed by one of the defendants and alleges that it was secured by a deed of trust upon the property of such defendant, in which another defendant was trustee, that the defendants fraudulently procured possession of the note and fraudulently procured the release of the deed of trust, and prays for judgment for the amount of the note against "the defendants," and that the release of the deed of trust be cancelled and the lien thereof reinstated, this was not a mingling of an action *ex contractu* on the note against the maker, and an action *ex delicto* against the trustee, but was a bill in equity to set aside a fraudulent conveyance and obtain judgment on the note against the maker; the prayer for judgment against "the defendants" did not indicate that an action for tort was intended.

3. ——: ——: **Allegations of Fraud.** In an action in which relief is demanded on the ground of fraud, a general allegation of fraudulent conduct on the part of the defendant will not suffice to let in evidence of acts supposed to have been fraudulent.

4. ——: ——: ——. In an action to set aside the fraudulent procurement of a release of a deed of trust, where it was alleged that the note secured by the deed of trust was the property of the plaintiff, and that the defendants, the maker of the note and the trustee in the deed of trust securing the same, fraudulently procured possession of the note and for the purpose of cheating and defrauding, pretended that the trustee owned the note when it was not his property, showed the note to the recorder and by his false representations obtained the entry of satisfaction, this was a sufficient specific statement of the facts constituting fraud, and a demurrer to the petition should have been overruled.

Appeal from Knox Circuit Court.—*Hon. Charles D. Stewart*, Judge.

REVERSED AND REMANDED (with directions).

F. H. McCullough, Balthrope & Smith for appellant.

If the state of facts outlined in this petition fails to constitute fraud, then it would be hard for the human mind to conceive what wrongful acts or under what conditions wrongdoing would constitute fraud. Alexander v. Relf, 9 Mo. App. 143; Schultz v. Christman, 9 Mo. App. 588; Rennells v. Hewitt, 10 Mo. App. 592; Scott v. Haynes, 12 Mo. App. 593; Hoffman v. Gill, 102 Mo. App. 320; Nichols v. Stevens, 123 Mo. 117; Link v. Link, 48 Mo. App. 345.

L. F. Cottey for respondents.

(1) The judgment is correct and should be affirmed. The rule is well settled, that a mere charge of fraud without specification of the act or acts which constitute the alleged fraud, amounts to nothing in pleading. The facts which constitute the fraud must be stated; an issue must be tendered by the pleading. The following cases will be sufficient to illustrate the rule of practice in this State upon this proposition: Goodson v. Goodson, 140 Mo. 206; Nagel v. Railway, 167 Mo. 96; Smith v. Sims, 77 Mo. 274; Bank v. Rohrer, 138 Mo. 380; Paving Co. v. Field, 188 Mo. 205; Newman v. Trust Co., 189 Mo. 444; Summers v. Metropolitan Life Ins. Co., 90 Mo. App. 700. (2) The petition attempts to state two different causes of action in the same count: one upon the note; and the other for the conversion of said note. This is manifestly a misjoinder of causes of action. It is uniting in the same petition an action ex contractu with an action ex delicto, which is not permitted by the statutes. R. S. 1899, sec. 593; Ederlin v. Judge, 36 Mo. 350; Southworth Co. v. Lamb, 82 Mo. 247; O'Riley v. Diss, 48 Mo. App. 64. (3) The statute re-

quires, that where different causes of action are joined in the same petition, they must each affect all the parties to the action. R. S. 1899, sec. 593; Liney v. Martin, 29 Mo. 28; Beattie Mfg. Co. v. Gerardi, 166 Mo. 156.

STATEMENT.—A demurrer was sustained to plaintiff's petition, and he having elected to stand on his pleading, the final judgment, from which this appeal was prosecuted, was entered against him. The action is by John W. Ennis, as administrator of Hiram Hickman, against Thomas N. Padgett, Lucy M. Padgett, his wife, and James Pence. The petition alleges the death of Hiram Hickman about July 6, 1904, and that plaintiff, as public administrator, took charge of the estate January 31, 1905. The petition then proceeds as follows:

"That at the date of the death of said Hiram Hickman, as aforesaid, he was the owner and holder of a certain promissory note, for the sum of six hundred and seventy-five dollars, in words and figures as follows:

" '$675.                        Plevna, March 8, 1900.

" 'Three years after date I promise to pay to the order of Hiram Hickman, six hundred seventy-five dollars, for value received, without any relief from valuation or appraisement laws, with interest at 8 per cent per annum until paid.

(Signed)                " 'THOMAS N. PADGETT.'

"That said note was duly executed by said defendant, Thomas N. Padgett, and delivered to said Hiram Hickman, and at the date of the death of said Hiram, was, together with the interest thereon, past due and unpaid, and was then the property of said Hiram Hickman, deceased; that in order to secure the payment of said above described note, the defendants, Thomas N. Padgett and his wife Lucy M. Padgett, did on said March 8, 1900, execute, acknowledge and deliver to said Hiram Hickman, their certain deed of trust dated March 8, 1900, and recorded June 5, 1900, in deed book 49, at page 591, ⁓t the deed records of said Knox county, Mis-

souri, whereby they conveyed to said defendant James Pence, as trustee therein, for the use and benefit of said Hiram Hickman, *cestui que trust* therein, the following described real estate in Knox county, Missouri, to-wit: (Describing the land.)

"That at the death of said Hiram Hickman, as aforesaid, the said note was due and unpaid and said deed of trust was unsatisfied and in full force and effect, and was the property of said Hiram Hickman.

"That on or about July 1, 1904, the said defendants, Thomas N. Padgett and James Pence, *entered into a conspiracy and fraudulent agreement to cheat, wrong and defraud said Hiram Hickman out of said debt, and by fraud, covin and deception, practiced upon him, said Hiram,* obtained possession of said above described note and on the 8th day of July, 1904, and after said Hiram's death, the defendant, James Pence, *in pursuance of said fraudulent agreement and conspiracy, and for the purpose of cheating and defrauding the estate of said Hiram Hickman, deceased, out of the debt represented and secured by said note and deed of trust,* entered a pretended release on the margin of the record of said deed of trust, whereby he *fraudulently and for the purpose of cheating, wronging and defrauding said estate out of said debt,* acknowledged satisfaction in full for said deed of trust and presented to the recorder a note which he claimed and pretended was the said note for $675, secured thereby, and caused the same to be cancelled by the recorder, as the law requires; that said defendants, falsely and fraudulently, and for the purpose of cheating, wronging and defrauding said estate of Hiram Hickman, deceased, out of the debt represented and secured by said note and deed of trust, pretended and claimed defendant, James Pence, to be the owner of said note in said deed of trust described, holding the same under a pretended assignment from said Hiram Hickman, deceased, and plaintiff states and avers it to be a

fact, that said note was not the property of said defendant, James Pence, and had not been legally and properly assigned to him; that if any pretended assignment of the same was made to said defendant Pence, it was entirely without consideration and void and that said note was not assigned for value and delivered to said defendant Pence, by said Hiram Hickman, deceased.

"Wherefore plaintiff states that the *defendants* are indebted to the estate of said Hiram Hickman, deceased, in the sum of six hundred and seventy-five dollars, together with interest thereon at the rate of 8 per cent per annum from the 8th day of March, 1900, for which plaintiff asks judgment and for costs.

"Plaintiff further prays that the said wrongful and fraudulent satisfaction and release of said deed of trust be set aside and for naught held and that plaintiff have a special lien against the real estate in said deed of trust described, for the payment of the debt herein sued for, and that the court make such further orders, judgments and decrees as may be meet and just in the premises." ·

We have italicized portions of the petition which call for special attention.

The demurrer gave these reasons for holding the petition bad: It does not state facts sufficient to constitute a cause of action; those parts which attempted to charge fraud and conspiracy against Padgett and James Pence in relation to the possession of the note and cancellation of the deed of trust, failed to state a cause of action sufficient to constitute fraud and conspiracy; no facts are stated which constitute a case of of fraud; it is patent on the face of the petition that plaintiff has no standing in equity; several causes of action are united in the petition in that· there is an attempt to state a cause of action *ex contractu* against Padgett on the note and against Pence *ex delicto* for its conversion.

The court below sustained the demurrer for two of the reasons; namely, that there were no facts which would constitute fraud and because a cause of action *ex contractu* against Padgett on the note and one against Pence *ex delicto* for the conversion of the note were improperly united.

GOODE, J. (after stating the facts).—It is. to be observed that the demurrer is directed against joining a cause of action *ex contractu* with one *ex delicto* in the same petition, not for blending two separate causes of action in one count. If two causes of action are such as the Code allows to be joined in a petition, but requires them to be pleaded in separate counts, the right method of objecting to the mingling of them in one count is by motion to have the plaintiff elect on which cause he will proceed. [McHugh v. Transit Co., 190 Mo. 85, 94, 88 S. W. 853; Otis v. Bank, 35 Mo. 128.] But separate causes of action of every character cannot be joined in the same petition even in different counts. Section 593 of the Revised Statutes of 1899 enumerates the different causes which may be united, and if causes not properly joinable are set out in one petition, the remedy is by demurrer. [Ederlin v. Judge, 36 Mo. 350; O'Reily v. Diss, 48 Mo. App. 62, 64.] Defendant insists, and the lower court held, that plaintiff's petition joins a cause of action sounding in contract against Padgett and one *ex delicto* for conversion against Pence. Nothing in the petition lends any countenance to this interpretation, except that in the prayer judgment is asked against "the defendants," which would include Pence as well as Padgett. But the prayer for judgment does not indicate that an action in tort was intended to be stated; for it alleges the defendants are indebted to plaintiff, which they would be only by an assumpsit, express or implied. The use of the words "the defendants" in the prayer ought not to control the determination of this question.

The pleading is plainly in the nature of a bill in equity to set aside the alleged fraudulent satisfaction of the deed of trust given to secure the note, reinstate the lien of said deed and obtain judgment on the note against the maker. Mrs. Padgett was made a party because she was a party to the deed of trust and Pence because he participated in procuring the fraudulent entry of satisfaction of it and was pretending to own the note. In our opinion but one cause of action is attempted to be stated.

The second ground on which the demurrer was sustained is that no facts are alleged to constitute fraud. This was one of the reasons assigned in the demurrer; another being that no facts which would amount to fraud were alleged in connection with the procuring of the note from Hickman, the deceased, by Padgett and Pence. No doubt when fraud is the gist of the action, a general allegation of fraudulent conduct on the part of a defendant will not suffice to let in evidence of the representations or acts supposed to have been fraudulent. The facts themselves must be alleged. [Smith v. Sime, 77 Mo. 269; Clough v. Holden, 115 Mo. 336, 21 S. W. 1071; Newman v Trust Co., 189 Mo. 423, 444, 88 S. W. 6.] But fraud in procuring this note from the deceased is not of the essence of the case stated. The broad allegations of fraud in that connection may be struck from the petition and still leave the case intact. This will be seen by reading the petition without those allegations; which we have italicized in order that their relative importance as compared with the other averments may be apprehended readily. It is charged in two paragraphs that the note and deed of trust were in full force and effect and the property of Hickman at the time of his death. Omitting the charges of fraud in procuring the note, the petition states that about July 1, 1904, Padgett and Pence obtained possession of it and

on July 8, 1904, after Hickman's death, Pence signed a pretended release on the margin of the record of the deed of trust, whereby he acknowledged satisfaction in full, presenting a note to the recorder for cancellation, which he claimed was the Hickman note; that defendants falsely, and for the purpose of cheating the estate of Hickman, pretended Pence was the owner of the note described in the deed of trust, holding the same under a pretended assignment from Hickman. It is further averred that the note was not the property of Pence, had not been legally and properly assigned to him; that if a pretended assignment was made, it was without consideration and void, and that the note never was assigned for value and delivered to Pence by Hickman. If the facts alleging fraud in procuring the entry of satisfaction of the deed of trust are of the essence of the case, they are stated with particularity. There are more than general allegations of fraud in connection with that transaction. The averments are that Pence fraudulently represented himself to be the owner of the note, showed a note to the recorder purporting to be the Hickman note and by his false representations obtained an entry of satisfaction on the record and cancellation of the note. The gist of the case is that the note and deed of trust were in force and the property of Hickman when he died and as the ownership never had passed to Pence, either by gift or for value, the securities belonged to Hickman's estate and the release obtained by Pence ought to be set aside as invalid; that is to say, if the right of no third party will be impaired. Now, the averments that the note and the deed of trust belonged to Hickman at his death and that the note was not the property of Pence, and other similar allegations, are broad enough to show Pence had no right to have the deed of trust marked satisfied on the record, or to retain the securities. They show also that Padgett owes the note to Hickman's estate. Evidence to sustain those

allegations would entitle plaintiff to relief. We think a perfectly good cause of action was stated by the petition.

The judgment will be reversed and the cause remanded with direction to the court below to set aside the order sustaining the demurrer, overrule the same and permit defendant to answer. All concur.