MARY F. JOHNSON, Appellant, v. ST. JOSEPH RAILWAY, LIGHT, HEAT AND POWER CO., Respondent.

Kansas City Court of Appeals, May 2, 1910.

1. CARRIERS: Personal Injuries: Negligence: Respective Duties of Carrier and Passengers. At common law a carrier of passengers is not an insurer but is held only to the utmost care and diligence of a cautious person. It must allow a reasonable time for passengers to enter and leave its cars with safety. Ordinarily if a passenger attempts to board or leave a moving car and is injured, his contributory negligence would bar his right to recover.

2. ———: ———: Women and Children: Ordinance. A municipal ordinance requiring conductors to prevent women and children leaving or entering moving cars is a modification of the common law, and under the facts in this case the questions of defendant's negligence and plaintiff's contributory negligence were for the jury.

Appeal from Buchanan Circuit Court.—*Hon. L. J. Eastin*, Judge.

REVERSED AND REMANDED.

*Mytton & Parkinson* for appellant.

The city ordinance pleaded in plaintiff's petition and introduced in evidence is not unreasonable and void. McHugh v. Transit Co., 190 Mo. 85; Sluder v. Transit Co., 189 Mo. 107.

R. A. Brown for respondent.

The rule of law that a carrier of passengers is not an insurer is well established in this and other jurisdictions, and the passage of the ordinance in question did not in any way change or modify this rule. Gilson v. Railway, 76 Mo. 282; Dougherty v. Railroad, 81 Mo. 330; Leslie v. Railway, 88 Mo. 50; Hite v. Railway, 130 Mo. 139.

BROADDUS, P. J.—The plaintiff seeks to recover damages she sustained by reason of the negligent failure of the defendant's conductor to perform a duty, imposed upon street railways by ordinance, to ladies and children when about to enter or leave their cars.

Section 1071, of the ordinance of the city of St. Joseph, reads as follows: "Rules and regulations for running cars. The following rules and regulations concerning the running of street railways shall be binding upon every person, corporation, company or co-partnership operating any such railway in the city of St. Joseph."

Then follows a number of regulations, among which is the following: "Sixth. Conductors shall not allow ladies or children to leave or enter the cars while the same are in motion."

The plaintiff, a woman of fifty-five years of age, on the night of March 25, 1909, paid her fare and took passage on one of defendant's cars, her destination being Missouri avenue. She informed the conductor where she wanted to get off when she took passage and again before she arrived at Missouri avenue. Shortly

before the car arrived at the latter point the conductor cried out Missouri avenue. The plaintiff who was sitting near the front end of the car arose from her seat and walked to the rear platform where the conductor was standing, and thinking the car, which was moving slowly preparatory to stopping, had stopped, she stepped off, fell, and was injured. The conductor who was nearby gave her no warning and made no effort to prevent her from alighting. The plaintiff stated that her habit was, when riding on the street cars, to arise from her seat at the approach of her destination and walk to the rear platform of the car and there await until it stopped and then alight.

Upon the close of plaintiff's evidence the court, at the instance of defendant, directed a verdict in its favor. From the judgment in the case plaintiff appealed.

Judging by the argument of defendant's counsel we suppose the trial court entertained the opinion that plaintiff had not established the case within the meaning of the ordinance, it being admitted that it is a reasonable regulation.

The argument is that a carrier of passengers is not an insurer of their safety and that the ordinance did not in any way change or modify the rule. And that defendant's conductor was not required as a matter of law to keep plaintiff upon his car until it had stopped. That his only duty was to exercise reasonable care to see that plaintiff did not alight from the car while it was in motion; that no duty devolved upon him to warn plaintiff not to alight from the moving car or to resort to other means to keep her thereon until he knew, or by the exercise of reasonable care could have known, she was going to alight therefrom.

It is the law that "a carrier of passengers is not an insurer but is held only to the utmost care and diligence of a cautious person." [Gilson v. Railway Co., 76 Mo. 282; Hite v. Street Ry. Co., 130 Mo. 132.] In speaking of the duty of street railway companies to

their passengers the court said: "With respect to the obligations of the defendant to the plaintiff as a passenger, it is sufficient to say, that while it is not an insurer of the safety of passengers, it is bound by its office, as such carrier, to exercise due care and vigilance, so as to safely transport them. It must allow reasonable time for passengers to enter and leave its car with safety, in the exercise of ordinary care." [Dougherty v. Ry. Co., 81 Mo. l. c. 330.]

If a passenger should attempt to board or alight from a moving train and receive an injury in his attempt to do so, he would be guilty of such contributory negligence as would preclude his right to recover damages although the carrier may have been guilty in the first place in not stopping its train a reasonable length of time for the passenger to enter or leave it in safety. This is a general rule with slight modifications to suit the circumstances of some given case, as for instance the rate of speed of the train may be so slow as not to subject the passenger to the charge of negligence in attempting to board or leave it.

But this action is not based upon common law negligence but for a violation of a city ordinance. The legality of a similar ordinance has been passed upon by the Supreme Court. [McHugh v. Transit Co., 190 Mo. 85; Sluder v. Transit Co., 189 Mo. 107.] And by the St. Louis Court of Appeals in Fortune v. Railroad, 10 Mo. App. 252; Fath v. Railroad, 39 Mo. App. 447.

The holding in Fortune v. Railroad, supra, has been expressly approved by the subsequent cases cited. It is there said that: "It was for the jury to say, under all the circumstances of the case, whether it was the negligence of defendant's servants that plaintiff was allowed to leave the car whilst in motion. In view of the ordinance which makes it the duty of the conductor to see that this leaving of the car is not permitted to the ladies whilst the car is going, it cannot be declared as a matter of law in this case, that there was no negli-

gence on the part of the company when a lady was permitted, without remonstrance from the conductor, to leave the car, in motion." The holding is, whether the act of plaintiff in stepping from the car whilst it was in slow motion was contributory negligence, was a question for the jury.

This and that case are similar and the same principle of law applies to both. It was negligence upon the part of the conductor in failing to warn plaintiff not to leave the car in motion, for which the defendant was liable unless the jury should find that the plaintiff was guilty of contributory negligence in leaving the car under the circumstances in evidence. To this extent the ordinance was a modification of the common law rule we have discussed. Reversed and remanded. All concur.